```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division

_____
CONSULTING ENGINEERS, INC.,      )
                                 )
     Plaintiff,                  )
                                 )
          v.                     )      1:06cv956 (JCC)
                                 )
GEOMETRIC SOFTWARE SOLUTIONS     )
and STRUCTURE WORKS LLC          )
                                 )
     Defendants.                 )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendants' motions to dismiss.  For the following reasons, the Court will grant both motions.

## I. Background

This action involves the alleged breach of a non-disclosure agreement, tortious interference with contract and business expectancy, business conspiracy, conversion, and misappropriation of trade secrets.  Plaintiff Consulting Engineers, Inc. ("Consulting") is a Virginia-based corporation with two branch offices in India.  Defendant Geometric Software Solutions ("Geometric") is a corporation organized under the laws of India, with its principal place of business in Mumbai.  Defendant Structure Works LLC ("Structure Works") is a Colorado corporation with its principal place of business in Denver, Colorado.  Neither of Defendants maintain offices in Virginia,

own property in Virginia, or regularly conduct business in Virginia.  The facts as alleged by Plaintiff are as follows:

In 2002, Structure Works hired Geometric to perform software development for a structural design project, but Geometric lacked the requisite technical knowledge to complete part of the project.  Structure Works was aware that Consulting had the requisite domain knowledge to assist Geometric, and the two Defendants discussed bringing Consulting onto the project as a subcontractor.  On or about February 2, 2004, Structure Works introduced Geometric to Consulting and discussions began regarding a potential subcontract.  Operating from India, Geometric exchanged four emails and several phone calls with Consulting in Virginia.  Prior to meeting, Consulting and Geometric agreed to enter into a non-disclosure agreement ("NDA").  The NDA was signed by Consulting on February 12, 2004, and by Geometric in India on February 13, 2004.  The NDA contained a clause prohibiting Geometric from recruiting, directly or indirectly several Consulting employees, including "Manoj Saxena."

On February 13, 2004 employees from Consulting, Structure Works, and Geometric met in Geometric's office in India to discuss the Consulting's potential assistance on the project, and negotiations lasted from February to May 2004.  During this time, Structure Works assisted Geometric in hiring Consulting

employee Manoj Kumar, who was formally hired by Geometric on May 21, 2004.[1]  Kumar was an essential employee to the Structure Works project, and possessed domain and software expertise. After Geometric hired Kumar, Structure Works elected not to pursue further business with Consulting.

Plaintiff filed action in Fairfax, Virginia, which was subsequently removed to the Eastern District of Virginia. Plaintiff's Amended Complaint alleges: (1) breach of contract by Geometric in hiring Kumar ("Count I"); (2) tortious interference with contractual relations, prospective business relations and economic advantages against both Geometric and Structure Works ("Counts II and III"); (3) business conspiracy in violation of Virginia Code § 18.2-499 ("Count IV"); (4) conversion against Geometric ("Count V"); violation of the Virginia Uniform Trade Secrets Act against Geometric ("Count VI"); and tortious interference with a terminable contract against both Defendants ("Count VII").  Defendants have each filed separate motions to dismiss all counts.  Both Defendants move to dismiss for: (1) lack of personal jurisdiction; (2) improper service of process; (3) and failure to state a claim for which relief may be granted for each count.  Defendant Structure Works moves in the alternative to transfer the action to the District of Colorado

---

[1] Plaintiff alleges that Manoj Kumar, Manoj Saxena, and Manoj Kumar Saxena are the same employee.  This Court will refer to that employee, hereafter as "Kumar".

pursuant to the forum selection clause of its contract with Consulting.² The remaining motions are currently before the Court.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of an action where the court lacks the requisite personal jurisdiction. To establish jurisdiction over a non-resident, this Court must first consider whether jurisdiction is authorized by Virginia law. Then, having found statutory authorization, the Court must consider whether the exercise of personal jurisdiction is consistent with traditional notions of fair play and due process. *See Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993); *Blue Ridge Bank v. Veribanc, Inc.*, 755 F.2d 371, 373 (4th Cir. 1985). Virginia's long-arm statute extends personal jurisdiction to the fullest extent permitted by due process. *See English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990). It may, however, be possible for the contacts of a non-resident defendant to satisfy due process but not meet the specific grasp of a Virginia long-arm statute provision. *See DeSantis v. Hafner Creations, Inc.*, 949 F. Supp. 419, 423 (E.D. Va. 1996). As always, the

---

²Structure Works' motion to transfer to Colorado, based upon a forum selection clause in the separate NDA between Consulting and Structure Works will be denied. The Structure Works NDA is clearly not at issue in Plaintiff's Amended Complaint. Thus, the Court will not consider a transfer to Colorado at this time.

plaintiff bears the burden of demonstrating personal jurisdiction by a preponderance of the evidence once its existence is questioned by the defendant.  *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

### III.  Analysis

This Court may exercise personal jurisdiction over a foreign corporation[3] when such jurisdiction is authorized by the Virginia long-arm statute, Va. Code Ann. § 8.01-299, and the exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.  *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.,* 334 F.3d 390, 396 (4th Cir. 2003); *English & Smith v. Metzgar,* 901 F.2d 36, 38 (4th Cir. 1990).  To satisfy the constitutional prong of this test, a defendant must have sufficient "minimum contacts" with the forum. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The constitutional requirements to show sufficient contacts with the forum differ between general jurisdiction and specific jurisdiction.  *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 413-15 nn. 8-9 (1984).  Accordingly, this Court will first examine Plaintiff's jurisdiction over both Geometric and

---

[3] A corporate entity is deemed "foreign" under Virginia law for purposes of personal jurisdiction if it is not created under the laws of the Commonwealth of Virginia.  Va. Code Ann. § 8.01-328.1.  Accordingly, any corporate entity organized under the laws of a different state, territory, or country is deemed foreign under the Virginia Code.

5

Structure Works under a general jurisdiction theory, and then under a specific jurisdiction theory.

      1) <u>General Jurisdiction</u>

General jurisdiction occurs when a court exercises jurisdiction over a suit that does not arise from a defendant's activities in the forum state, while specific jurisdiction occurs when a suit arises from a defenant's actions in the forum state. *Nichols v. G.D. Searle & Co.,* 991 F.2d 1195, 1199 n.2. (4th Cir. 1993) (citing *Helicopteros,* 466 U.S. at 414 n.9).  In cases of general jurisdiction, the requisite minimum contacts are fairly extensive.  Plaintiff must first establish continuous and systematic contact with the forum state.  *Nichols,* 991 F.2d at 1199; *Diamond Healthcare of Ohio, Inc. V. Humility of Mary Health Partners,* 229 F.3d 448, 450 (4th Cir. 2000).  Plaintiff must then establish purposeful availment of the privilege of conducting activities within the forum.  *Fed'l Ins. Co. v. Lake Shore, Inc.,* 886 F.2d 654, 658 (4th Cir. 1986).

          i) <u>General Jurisdiction over Structure Works</u>

General advertising communications are not alone sufficient to establish general jurisdiction. *RZS Holdings AVV v. PDVSA Petroleos S.A.,* 293 F. Supp. 2d 645, 651-52, n.8 (E.D. Va. 2003); *Processing Research, Inc. v. Larson,* 686 F. Supp. 119, 123 (E.D. Va. 1988).  It is uncontested that Structure Works is a foreign corporation, organized under the laws of Colorado, with a

principal place of business in Colorado.  Furthermore, Structure Works maintains no office, employees, or other presence in Virginia.  Plaintiff's allegation in the Amended Complaint that general jurisdiction exists on the mailing of marketing fliers alone is insufficient to establish general jurisdiction. (Amend. Compl at ¶ 12).  Plaintiff presents no further argument or support for general jurisdiction in its Opposition Brief.  Accordingly, this Court finds that general jurisdiction has not been established as to Structure Works.

        ii) <u>General Jurisdiction Over Geometric</u>

As noted *supra,* in order for this Court to exercise general jurisdiction over Geometric, Plaintiff bears the burden of establishing that Defendant Geometric maintains continuous and systematic contact with the Commonwealth of Virginia.  Plaintiff has not done so in this case.  Geometric is an Indian corporation, organized under the laws of India, which maintains no office, employees, or other presence in Virginia.  Plaintiff's Amended Complaint alleges general jurisdiction on the ground that it also has general jurisdiction over Structure Works, its "co-conspirator and agent."  Because Plaintiff failed to establish general jurisdiction over Structure Works, jurisdiction against Geometric also fails on this ground.

Plaintiff raises additional allegations of general jurisdiction in its Opposition Brief that Geometric operates

7

offices in Arizona, New Hampshire, and Michigan and conducts business in the United States, constituting a "global footprint." (Pl.'s Opp. Brf. 5-6). These assertions do not even allege, let alone establish continuous and systematic contacts with the Commonwealth of Virginia. *See, e.g., Esab Group, Inc. v. Centricut,* 126 F.3d 617, 625-26 (4th Cir. 1997). Accordingly, Plaintiff has failed to establish general jurisdiction over Geometric.

Finally, Plaintiff asks this Court to permit further discovery on the nature of Structure Works and Geometric's contacts with Virginia. When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.,* 334 F.3d 390, 402 (4th Cir. 2003). Accordingly, Plaintiff's request will be denied.

### 2) Specific Jurisdiction

Virginia's long arm statute is a "single act" statute, requiring only a single act by a nonresident which amounts to "transacting business" in Virginia and gives rise to a cause of action may be sufficient to confer jurisdiction. *Danville Plywood Corp. v. Plain & Fancy Kitchens, Inc.*, 238 S.E.2d 800, 802 (Va. 1977); Va. Code Ann. § 8.01-328.1. In defining the term transacting business, the purpose of the Virginia long-arm

statute is to extend jurisdiction to the extent permissible under the due process clause. *English & Smith,* 901 F.2d at 38; *Danville Plywood Corp.,* 238 S.E.2d at 802.

Under the "minimum contacts" test, the plaintiff must show that the defendant "purposely directed his activities at residents of the forum," and that the plaintiff's claim arises from or relates to those activities. *Burger King v. Rudzewicz,* 471 U.S. 462, 472 (1985); *America Online,* 106 F. Supp. 2d at 855. It is designed to ensure that the defendant is not "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King,* 471 U.S. at 472 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)); *America Online,* 106 F. Supp. 2d at 856. Put differently, the test protects the defendant from having to defend himself in a forum where he should not have anticipated being sued. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1979).

To satisfy the due process test, the single act must be significant. *Desantis v. Hafner Creations,* 949 F. Supp. 419, 424 (E.D. Va. 1996). Determining whether a single business act meets the significance standard requires an examination of the "nature and quality of all of a defendant's business contacts with Virginia that underlie the cause of action, and, in many instances, no single factor or aspect is dispositive." *Production Group Intern., Inc. v. Goldman,* 337 F. Supp. 2d 788,

793-94 (E.D. Va. 2004). Before the significance of contacts can be determined, a court must first identify which of a nonresident defendant's business contacts with Virginia are eligible to be taken into account in the jurisdictional analysis. *Production Group Intern., Inc. v. Goldman,* 337 F. Supp. 2d 788, 793-94 (E.D. Va. 2004). This entails construing the long-arm statute's requirement that the cause of action "arise from" the acts proffered as "transacting business" in Virginia. *Id.*

### i) Structure Works

If a defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. In determining specific jurisdiction, the Court must first consider (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *ALS Scan, Inc. V. Digital Service Consultants, Inc.,* 293 F.3d 707, 712-13 (4th Cir. 2002). The facts alleged against Structure Works in order to confer specific jurisdiction are as follows: Structure Works engaged Consulting, a Virginia based company for a potential subcontract with Geometric in India, and communicated with Consulting's Virginia office. Plaintiff has alleged no breach of contract action against Structure Works, and

the tort claims for conversion, tortious interference with business expectancy and misappropriation of trade secrets against Structure Works, even if taken as valid claims, all occurred in India.[4] The alleged conspiracy and interference with the at-will contract also occurred outside the Commonwealth of Virginia, between two non-Virginia entities, and involved an alleged plan to hire away an employee from a Virginia company in India. Kumar was employed by Plaintiff in an Indian office, not in Virginia. No meetings or negotiations occurred in Virginia. The only contacts that Plaintiffs claim arise from the exchange of emails and telephone conversations with Plaintiff's Virginia office. The Court thus concludes that Structure Works did not perform a significant transaction of business in Virginia, and Structure Works' contact with Virginia was too attenuated for this Court to exercise personal jurisdiction. Accordingly, Plaintiff's claims against Structure Works will be dismissed for lack of personal jurisdiction.

      ii) Geometric

The Court next turns to the issue of specific jurisdiction over Geometric. Plaintiff argues for specific jurisdiction against Geometric on the ground that Geometric exchanged emails and several phone calls with Consulting's

---

[4] It is once again important to note that under Virginia's choice of law rules, Indian law would apply to Plaintiff's tort claims. As described *supra,* Plaintiff has not alleged that any tortious acts were completed within the Commonwealth of Virginia. Furthermore, neither Plaintiff nor Defendants provided the Court with briefing or citations to the laws of India.

Virginia office for the purpose of engaging in a business transaction. It is generally held that mere electronic communications in furtherance of a transaction are insufficient to form a basis for personal jurisdiction. *See, e.g., Superfos Investments, Ltd. v. FirstMiss Fertilizer, Inc.,* 774 F. Supp 393, 397-98 (E.D. Va. 1991); *Unidyne Corp. v. Aerolineas Argentinas,* 590 F. Supp. 391, 396 (E.D. Va. 1984) (telephone calls, telex messages and letters are insufficient basis for *in personam* jurisdiction); *Medeco Sec. Locks, Inc. v. Fichet-Bauche,* 568 F. Supp. 405, 408 (W.D. Va. 1983)(mailing of letter by defendant to the forum is not contact sufficient for *in personam* jurisdiction); *Williams Crane & Rigging, Inc. v. B & L Systems, Ltd.,* 466 F. Supp. 956, 957 (E.D. Va. 1979)(holding that phone call and letter to forum did not warrant personal jurisdiction). Actions directed at the forum must have been directed in "more than a random, fortuitous, or attenuated way." *Diamond Healthcare,* 229 F.3d at 451.

Plaintiff's reliance upon *ALS Scan* to confer jurisdiction based upon electronic contacts alone is misguided.[5] The holding in *ALS Scan* concerned actual business conducted over

---

[5] ALS Scan cautioned against the very construction of the Long-Arm statute proposed by Plaintiff, stating "if that broad interpretation of minimum contacts were adopted, State jurisdiction over persons would be universal, and notions of limited State sovereignty and personal jurisdiction would be eviscerated." *Id.* at 713.

the internet,[6] not emails between prospective business partners, but nonetheless, the Fourth Circuit upheld the district court's dismissal based upon insufficient contacts. *Id.* at 715-16. Furthermore, in rejecting a standard by which any electronic contacts with a forum would confer jurisdiction, the Fourth Circuit held "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Id.* (quoting *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).

In this case, Plaintiff has not established the requisite contacts with the Commonwealth to satisfy specific jurisdiction. Plaintiff's argument for jurisdiction on the ground that "the use of electronic communications in negotiations and discussion in this regard clearly manifests intent to engage in interactions with Consulting Engineers in Virginia" (Pl.'s Opp. Mot. 12) does not hold muster. A series of four emails and several phone calls made from India during the negotiation of a non-disclosure agreement (which did not result in the actual transaction of business in the Commonwealth of Virginia or

---

[6] Plaintiff's cause of action arose from alleged infringement of copyrighted material by selling, publishing, and displaying its copyrighted photographs over the internet. *Id.* at 709-10. The holding related to whether internet sales and publications that reach the forum state confer specific jurisdiction, and the Fourth Circuit ultimately upheld the district court's order of dismissal, finding that sufficient contacts with the forum had not been established. *Id.* at 715-16.

elsewhere) fails to satisfy the significant contacts test in order to confer personal jurisdiction.

All of the alleged tortious acts-the tortious interference with contractual relations, prospective business relations, and economic advantages occurred in India, not Virginia.  Final execution of the NDA occurred in India, as did the ensuing contractual negotiations.  Kumar was located in India, and his interview and eventual hiring occurred there.  The alleged transfer of source code also occurred in India.  While Plaintiff argues that Geometric "stole information that was kept in Virginia," this assertion is not supported by the Amended Complaint, which only alleges that Geometric hired an employee, in India, with knowledge of its source code.  No "theft" or "misappropriation of trade secrets" occurred in India or Virginia.[7]  Finally, the alleged business conspiracy involved a Colorado company and an Indian company, neither of which operated at any time in question in Virginia.

---

[7] Were the Court to reach the substance of Plaintiff's conversion claim, it would be dismissed pursuant to Rule 12(b)(6).  A claim for conversion under Virginia law arises when there is a "wrongful exercise or assumption of authority [] over another's goods, depriving him of their possession; [and any] act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it." *Microstrategy, Inc. v. Netsolve, Inc.,* 368 F. Supp. 2d 533, 536 (E.D. Va. 2005)(quoting *United Leasing Corp. v. Thrift, Ins. Corp.,* 440 S.E.2d 902, 905 (Va. 1994).  In this case, Plaintiff has alleged conversion of its source code on the basis of hiring an individual presumed to have knowledge of the source code.  Plaintiff's logic follows that, because Kumar had access to confidential source codes, Defendant somehow stole this code by hiring him.  However, the Amended Complaint does not outline any facts amounting to possession or dominion over the source codes, other than conclusory allegations stating that "by continuing to work on the project, Geometric *must* clearly exercise dominion over the source codes."  (Amend. Compl. at 67)(emphasis added).

Nothing else in the facts allege that Geometric conducted a significant business transaction in Virginia. The lack of additional contacts with Virginia, combined with the facts that *all* of the alleged activity at issue in this case occurred in India causes a failure to meet the constitutional due process test. Finally, Plaintiff's assertions that programming code from Virginia was taken wholly lacks merit, as Plaintiff merely hired an individual in India purported to have knowledge of the code.

Accordingly, Defendant Geometric's motion to dismiss for lack of personal jurisdiction will be granted.[8]

### IV. Conclusion

For the foregoing reasons, Defendants' motions to dismiss will be granted. An appropriate Order will issue.

April 3, 2007              _____/s/_____
Alexandria, Virginia              James C. Cacheris
                        UNITED STATES DISTRICT COURT JUDGE

---

[8] It is also notable that proper service of process was not effected upon Defendant Geometric. While this point was argued successfully, the Court need not reach the merits of the issue.

15