```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division

CONSULTING ENGINEERS, INC.,   )
                              )
     Plaintiff,               )
                              )
          v.                  )    1:06cv956 (JCC)
                              )
GEOMETRIC SOFTWARE SOLUTIONS  )
and STRUCTURE WORKS LLC       )
                              )
     Defendants.              )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff's motion to reconsider. For the following reasons, the Court will deny Plaintiff's motion.

### **I.  Background**

This action involves the alleged breach of a non-disclosure agreement, tortious interference with contract and business expectancy, business conspiracy, conversion, and misappropriation of trade secrets. Plaintiff Consulting Engineers, Inc. ("Consulting") is a Virginia-based corporation with two branch offices in India. Defendant Geometric Software Solutions ("Geometric") is a corporation organized under the laws of India, with its principal place of business in Mumbai. Defendant Structure Works LLC ("Structure Works") is a Colorado corporation with its principal place of business in Denver, Colorado. Neither of Defendants maintain offices in Virginia,

own property in Virginia, or regularly conduct business in Virginia.  The facts as alleged by Plaintiff are as follows:

In 2002, Structure Works hired Geometric to perform software development for a structural design project, but Geometric lacked the requisite technical knowledge to complete part of the project.  Structure Works was aware that Consulting had the requisite domain knowledge to assist Geometric, and the two Defendants discussed bringing Consulting onto the project as a subcontractor.  On or about February 2, 2004, Structure Works introduced Geometric to Consulting and discussions began regarding a potential subcontract.  Operating from India, Geometric exchanged four emails and several phone calls with Consulting in Virginia.  Prior to meeting, Consulting and Geometric agreed to enter into a non-disclosure agreement ("NDA").  The NDA was signed by Consulting on February 12, 2004, and by Geometric in India on February 13, 2004.  The NDA contained a clause prohibiting Geometric from recruiting, directly or indirectly several Consulting employees, including "Manoj Saxena."

On February 13, 2004 employees from Consulting, Structure Works, and Geometric met in Geometric's office in India to discuss the Consulting's potential assistance on the project, and negotiations lasted from February to May 2004.  During this time, Structure Works assisted Geometric in hiring Consulting

employee Manoj Kumar, who was formally hired by Geometric on May 21, 2004.[1]  Kumar was an essential employee to the Structure Works project, and possessed domain and software expertise. After Geometric hired Kumar, Structure Works elected not to pursue further business with Consulting.

Plaintiff filed action in Fairfax, Virginia, which was subsequently removed to the Eastern District of Virginia. Plaintiff's Amended Complaint alleges: (1) breach of contract by Geometric in hiring Kumar ("Count I"); (2) tortious interference with contractual relations, prospective business relations and economic advantages against both Geometric and Structure Works ("Counts II and III"); (3) business conspiracy in violation of Virginia Code § 18.2-499 ("Count IV"); (4) conversion against Geometric ("Count V"); violation of the Virginia Uniform Trade Secrets Act against Geometric ("Count VI"); and tortious interference with a terminable contract against both Defendants ("Count VII").  On April 3, 2007, this Court granted both Defendants' motions to dismiss for lack of personal jurisdiction. On April 17, 2007, Plaintiff this Court to reconsider its prior ruling.  This motion is currently before the Court.

---

[1] Plaintiff alleges that Manoj Kumar, Manoj Saxena, and Manoj Kumar Saxena are the same employee.  This Court will refer to that employee, hereafter as "Kumar".

## II.  Standard of Review

The Fourth Circuit has explained that "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law." *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir. 1993).  A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to "rehash" arguments previously presented or to submit evidence which should have been previously submitted.  *Id.* at 1082; *Rouse v. Nielsen,* 851 F. Supp. 717, 734 (D.S.C. 1994); *see Durkin v. Taylor,* 444 F. Supp. 879, 889 (E.D. Va. 1977) (stating that Rule 59(e) is not intended to give "an unhappy litigant one additional chance to sway the judge").  Likewise, petitioners are barred from asserting new grounds for relief in Rule 59(e) motions as permitting such would effectively "evade the bar against ... litigation of claims not presented in a prior application." *United States v. Winestock,* 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson,* 523 U.S. 538, 553 (1998)); *see* 28 U.S.C. § 2255 ("A second or successive motion must be certified ... by a panel of the appropriate court of appeals.").  Rather, "[t]he purpose of a Rule 59(e) motion is to 'allow the court to reevaluate the basis for its decision.'"  *Rouse,* 851 F. Supp. at

4

734 (quoting *Keyes v. Nat'l R.R. Passenger Corp.,* 766 F. Supp. 277, 280 (E.D. Pa. 1991)).  The appropriateness of granting a motion to reconsider is within the sole discretion of the Court.  *Boryan v. United States,* 884 F.2d 767, 771 (4th Cir. 1989).

### III.  Analysis

Plaintiff moves this Court to reconsider on the grounds that "the Court did not consider the full scope of Geometric's purposeful availment of Virginia law," or the scope of alleged tortious conduct by Structure Works and Geometric that "resulted in injury to Consulting, the brunt of which was felt in Virginia."  (Pl.'s Mot. at 1).  Furthermore, Plaintiff argues that the Court did not "appreciate the scope of Structure Works's contacts with Virginia."  (Pl.'s Mot. at 1).[2]  For the reasons stated herein, these arguments lack merit, and Plaintiff's motion will be denied.

---

[2] Plaintiff asks the Court to reconsider a footnote in the Court's April 3, 2007 Memorandum Opinion, in which the Court noted that Geometric's arguments related to improper service of process were successfully argued.  However, in the words of William Shakespeare, Plaintiff's argument is "much ado about nothing."  In the same footnote cited by Plaintiff, the Court explicitly noted that, due to each Defendants' dismissal for lack of personal jurisdiction, "the Court need not reach the merits of this issue."  (April 3, 2007 Mem. Op. at n.8).  Thus, while the Court would have found in favor of Geometric had it reached this issue, each Defendant was dismissed because Plaintiff failed to establish the requisite contacts with the forum, not because of improper service.  Accordingly, the Court need not revisit service of process issues upon reconsideration, as there is no holding to reconsider.

A) <u>Motion to Reconsider Dismissal of Geometric</u>

    1) <u>Grounds for Reconsideration</u>

Plaintiff's motion does not present proper grounds for reconsideration of this Court's prior ruling dismissing Geometric. Consulting asks the Court to reconsider in order to "correct a clear error of law and prevent manifest injustice." (Pl.'s Mot. at 1). Nonetheless, in substance, Plaintiff's motion does little more than rehash prior arguments previously considered and rejected by this Court. In Section I of Plaintiff's motion, rather than identify a "manifest injustice or error of law," Plaintiff simply restates the standard for personal jurisdiction and presents a number of reasons why it disagrees with the Court's decision. The closest Plaintiff comes to addressing the proper standard of review is a conclusory statement that "[m]anifest injustice would result if Geometric could escape Virginia justice simply by staying put in a distant jurisdiction." (Pl.'s Mot. at 11). Plaintiff then injects an arbitrary point related to the "convenience of a Virginia forum for Consulting," and jumps to the conclusion that denial of personal jurisdiction was improper. *Id.* Thus, Plaintiff fails to establish proper grounds for reconsideration.

    2) <u>New Facts and Arguments</u>

Even if considered, the new arguments raised by Plaintiff are insufficient to establish prima facie personal

jurisdiction against Geometric.[3]  Plaintiff again argues for personal jurisdiction on the grounds that the choice of law provision chose Virginia law to govern the NDA, and the parties *contemplated* a business transaction which *would have* involved a Virginia corporation.  (Pl.'s Reply Brf. at 5-6).  Plaintiff then asks the Court to reconsider its previous ruling by raising for the first time facts related to its own client's preparations for this *contemplated transaction,* which it concedes never actually came to fruition.  *Id.*  Nonetheless, facts related to where the Plaintiff planned on conducting activities for a prospective business arrangement are irrelevant to the question of personal jurisdiction against Geometric, as it is well settled that the "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state."  *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).  Thus, Consulting cannot use its own actions within the forum state to confer personal jurisdiction on Geometric.

---

[3] Plaintiff does not ask the Court to consider any "newly discovered evidence," but it does provide the Court with additional facts not presented in response to the original motions to dismiss.  To the extent that Plaintiff seeks to supplement the record with new evidence, a "movant is *obliged* to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *Boryan v. United States,* 884 F.2d 767, 771 (4th Cir. 1989).  No such showing has been made in this case.  Accordingly, any new evidence is improper and the Court is not obliged to consider it.  In this case, however, the result is the same whether or not the Court considers the additional facts presented by Plaintiff. Either way, as explained throughout this Opinion, Plaintiff fails to establish prima facie personal jurisdiction against either Geometric or Structure Works.

The other new facts presented by Plaintiff in this motion also fail to alter the Court's original judgment. The existence of a precast market in India does little to establish contacts with Virginia by Geometric, and evidence of plans by a Consulting executive to "visit India every other month to review all developments and operations" only furthers the Court's original conclusion that the proposed business arrangement was to be carried out in India, not Virginia. Finally, while the length of an actual business relationship is relevant to the question of personal jurisdiction, Plaintiff cites no cases explaining how its own subjective expectations of a business relationship with Geometric, had it come to fruition, are at all relevant. Accordingly, Plaintiff does not properly present new evidence for reconsideration, and the evidence provided, even if considered, is insufficient to establish personal jurisdiction.

        3)    <u>Electronic Communications and Choice of Law</u>

This Court has already held that mere electronic communications in furtherance of a transaction are insufficient to form a basis for personal jurisdiction. *See, e.g., Superfos Investments, Ltd. v. FirstMiss Fertilizer, Inc.,* 774 F. Supp 393, 397-98 (E.D. Va. 1991); *Unidyne Corp. v. Aerolineas Argentinas,* 590 F. Supp. 391, 396 (E.D. Va. 1984) (telephone calls, telex messages and letters are insufficient basis for *in personam* jurisdiction); *Medeco Sec. Locks, Inc. v. Fichet-Bauche,* 568 F.

Supp. 405, 408 (W.D. Va. 1983)(mailing of letter by defendant to the forum is not contact sufficient for *in personam* jurisdiction); *Williams Crane & Rigging, Inc. v. B & L Systems, Ltd.,* 466 F. Supp. 956, 957 (E.D. Va. 1979)(holding that phone call and letter to forum did not warrant personal jurisdiction).

Plaintiff again attempts to confer jurisdiction based upon electronic contacts along with the NDA's choice of law provision, and the Court again finds these arguments unconvincing. First, Plaintiff's continued reliance upon *ALS Scan* misguided. That case involved alleged copyright infringement by an internet service provider, and resulted in a finding of no personal jurisdiction. *ALS Scan, Inc. v. Digital Service Consultants, Inc.,* 293 F.3d 707, 712-13 (4th Cir. 2002). Plaintiff's use of *ALS Scan* to support its contention that due to active, rather than passive electronic contacts, "[s]tanding alone, the electronic communications are sufficient for Virginia to exercise personal jurisdiction over Geometric" is incorrect. (Pl.'s Mot. to Reconsider at 10). As the Court noted before, *ALS Scan* did not so much as mention emails or faxes between prospective business partners, but involved a wholly independent issue related to internet commerce. *See generally, ALS Scan,* 293 F.3d 707. Thus, Plaintiff's attempt to manufacture a Fourth Circuit rule mandating personal jurisdiction through active emails is wholly unsupported. To the contrary, numerous cases

Supp. 405, 408 (W.D. Va. 1983)(mailing of letter by defendant to the forum is not contact sufficient for *in personam* jurisdiction); *Williams Crane & Rigging, Inc. v. B & L Systems, Ltd.,* 466 F. Supp. 956, 957 (E.D. Va. 1979)(holding that phone call and letter to forum did not warrant personal jurisdiction).

Plaintiff again attempts to confer jurisdiction based upon electronic contacts along with the NDA's choice of law provision, and the Court again finds these arguments unconvincing. First, Plaintiff's continued reliance upon *ALS Scan* misguided. That case involved alleged copyright infringement by an internet service provider, and resulted in a finding of no personal jurisdiction. *ALS Scan, Inc. v. Digital Service Consultants, Inc.,* 293 F.3d 707, 712-13 (4th Cir. 2002). Plaintiff's use of *ALS Scan* to support its contention that due to active, rather than passive electronic contacts, "[s]tanding alone, the electronic communications are sufficient for Virginia to exercise personal jurisdiction over Geometric" is incorrect. (Pl.'s Mot. to Reconsider at 10). As the Court noted before, *ALS Scan* did not so much as mention emails or faxes between prospective business partners, but involved a wholly independent issue related to internet commerce. *See generally, ALS Scan,* 293 F.3d 707. Thus, Plaintiff's attempt to manufacture a Fourth Circuit rule mandating personal jurisdiction through active emails is wholly unsupported. To the contrary, numerous cases

from the Fourth Circuit and this district, in which courts declined personal jurisdiction when it was based on electronic contacts, support this Court's holding.  *See, e.g., Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners,* 229 F.3d 448 (4th Cir. 2000); *RZS Holdings AVV v. PDVSA Petroleos, S.A.* 293 F. Supp. 2d 645 (E.D. Va. 2003).

Plaintiff's argument that the NDA's Virginia choice-of-law provision creates personal jurisdiction also fails.  While relevant to the question of personal jurisdiction, a choice of law provision is not dispositive, but is only one factor to consider.  *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 482 (1985)(holding that a choice of law provision standing alone would not be sufficient to confer personal jurisdiction).  This Court has held that telephone calls, letters, and faxes into the Commonwealth of Virginia were insufficient to establish personal jurisdiction *when accompanied by a Virginia choice-of-law provision.  Initiatives Inc. v. Korea Trading Corp.,* 991 F. Supp. 476, 479-81 (E.D. Va. 1997); *see also Superflos Investments, Ltd. v. FirstMiss Fertilizer, Inc.,* 774 F. Supp. 393, 398 (E.D. Va. 1991).  While the various cases cited by Plaintiff involved choice-of-law provisions, each is distinguishable and involved far more extensive contact with the forum than the instant

action.[4]  Accordingly, the Court does not find any legitimate support for Plaintiff's position, or grounds to reconsider its previous ruling, and Plaintiff's motion to reconsider will be denied.

        4) <u>The Effects Test</u>

The Court will also again reject Plaintiff's attempt to apply the "effects test," which requires a showing that: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum, such that the forum can be said to be the focal point of the harm; and (3) the defendant expressly aimed its tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity. *Carefirst,* 334 F.3d 390, 398 n.7 (4th Cir. 2003).  As the Court stated in the April 3, 2007 Memorandum Opinion, all of the alleged tortious acts--the tortious interference with contractual relations, prospective business relations, and economic advantages occurred in India, not Virginia.  Final execution of

---

[4] The various unpublished cases cited by Plaintiff are distiguishable. In *Division Access Control, Inc. v. Landrum,* 2007 WL 1238607 (E.D. Va. 2007), the contract was executed in Virginia and mandated attendance of meetings in Virginia as part of performance. *Gateway Gaming, LLC v. Custom Game Design, Inc.,* 2006 WL 2781043 (D.S.C. 2006) involved a two-year business relationship between the parties and the actual purchase of products for use in South Carolina. *Cortex Surveillance Automation, Inc. v. Security Integrators,* 2006 WL 994951 (M.D.N.C. 2006) involved actual travel to the forum state by defendant's president and an ongoing license agreement. *Cambata Aviation, Inc. v. Kansas City Aviation Center, Inc.,* 2001 WL 1274426 (W.D. Va. 2001) involved a multi-million dollar contract executed in Virginia and the actual sale of aircraft pursuant to the contract.  The only published case cited, *Lockwood Bros., Inc. v. Arnold Speditions GmbH,* 453 F. Supp. 2d 928, 934-45 (E.D. Va. 2006) involved actual travel into the forum state by defendant's representatives, as well as negotiation, execution, and performance of the contract in the Commonwealth of Virginia.  Thus, none of these cases support Plaintiff's position.

the NDA occurred in India, as did the ensuing contractual negotiations. Kumar was located in India, and his interview and eventual hiring occurred there, and the alleged transfer of source code also occurred in India.[5] Finally, the alleged business conspiracy involved a Colorado company and an Indian company, neither of which operated at any time in question in Virginia. Thus, unlike *Calder,* in which a defamatory article was published out of state concerning a California resident, and then sent to California, it is clear in this case that the "focal point" of any tortious activity alleged was India, not Virginia, and whatever actions Geometric may have aimed at Consulting were aimed at an employee in India, not Virginia. Thus, even if tortious action was properly alleged[6] and the brunt of the alleged harm was felt in Virginia, the third prong of the effects test has not been satisfied. Plaintiff's allegations of "theft" and "pilfering" of information allegedly stored in Virginia by

---

[5]The Court noted that, while Plaintiff argues that Geometric "stole information that was kept in Virginia," this assertion is not supported by the Amended Complaint, which only alleges that Geometric hired an employee, in India, with knowledge of its source code. Furthermore, the Court reasoned that the Amended Complaint does not outline any facts amounting to possession or dominion over the source codes, other than conclusory allegations stating that "by continuing to work on the project, Geometric *must* clearly exercise dominion over the source codes." (Amend. Compl. at 67)(emphasis added).

[6]While the Court's decision may rest upon failure to identify Virginia as the focal point for tortious activity, it is also notable that Plaintiff's motion wholly ignores the Virginia doctrine of *lex loci delecti*. As the Court noted before, pursuant to this doctrine, the law of the site of tortious activity is controlling. *Boginis v. Marriott Ownership Resorts, Inc.,* 57 F.3d 1065 at *3 (4th Cir. 1995). Plaintiff does not dispute that the tortious conduct alleged occurred in India, and has offered nothing to the Court to explain how any cause of action would exist under Indian law.

hiring an employee who worked in India do little to change the Court's mind.

Nothing else in the facts allege that Geometric conducted a significant business transaction in Virginia. The lack of additional contacts with Virginia, combined with the facts that *all* of the alleged activity at issue in this case occurred in India causes a failure to meet the constitutional due process test. Finally, Plaintiff's assertion that programming code from Virginia was taken wholly lacks merit, as Plaintiff merely hired an individual in India purported to have knowledge of the code. Accordingly, Plaintiff fails to state a clear error of law or manifest injustice, and its motion to reconsider will be denied.

B) <u>Motion to Reconsider Dismissal of Structure Works</u>

The same holds true with respect to the arguments presented in Section II of Plaintiff's motion, which ask the Court to reconsider the dismissal of Structure Works. Again, Plaintiff presents the same arguments previously rejected by this Court. Additionally, Plaintiff now seeks to present for the first time a theory of general jurisdiction over Structure Works. Plaintiff alleged only one ground for general jurisdiction over Structure Works in its Amended Complaint, stating general jurisdiction exists because "it advertises in Virginia by sending out mailers to businesses located in Virginia." (Amend. Compl. at ¶ 12). The Court considered this ground for general

13

jurisdiction insufficient as a matter of law, noting that "[g]eneral advertising communications are not alone sufficient to establish general jurisdiction." (April 3, 2007 Mem. Op. at 6 (citing *RZS Holdings AVV v. PDVSA Petroleos S.A.,* 293 F. Supp. 2d 645, 651-52, n.8 (E.D. Va. 2003); *Processing Research, Inc. v. Larson,* 686 F. Supp. 119, 123 (E.D. Va. 1988)).  Furthermore, in its Opposition Brief to Structure Works's motion to dismiss, Plaintiff failed to argue for general jurisdiction and went as far as to concede that it does not exist.[7]  Plaintiff cannot now, *after* this Court has entered judgement, decide to reargue its previous motion and inject general jurisdiction as a grounds for reconsideration.  *See Winestock,* 340 F.3d at 206.  Accordingly, Plaintiff's attempt to raise general jurisdiction on reconsideration is wholly improper, and will be denied.

With respect to specific jurisdiction, Plaintiff does little more than rehash arguments previously raised and rejected by this Court.  As noted before, in determining specific jurisdiction, the Court must first consider: (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the

---

[7]*See* (Pl.'s Opp. to Mot. to Dismiss at 12)(Plaintiff states that "[w]hile a small number of contacts may not be sufficient for *general* jurisdiction...such is not the case in this matter."(emphasis in original)); *see also id.* at 13 ("[s]ince Structure Works's contacts with Virginia are the basis for this suit, this Court's *specific* jurisdiction is fair and comports with due process.").

14

State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.  *ALS Scan,* 293 F.3d at 712-13.  The facts alleged against Structure Works in order to confer specific jurisdiction are as follows:  Structure Works engaged Consulting, a Virginia based company for a potential subcontract with Geometric in India, and communicated with Consulting's Virginia office.  Plaintiff has alleged no breach of contract action against Structure Works, and the tort claims for conversion, tortious interference with business expectancy and misappropriation of trade secrets against Structure Works, even if taken as valid claims, all occurred in India.[8]  Like it did for Geometric, the Court concludes that Structure Works did not perform a significant transaction of business in Virginia, and Structure Works' contact with Virginia was too attenuated for this Court to exercise personal jurisdiction.[9]  Accordingly, Plaintiff's motion to reconsider will be denied.

---

[8] As noted in the previous Memorandum Opinion, the alleged conspiracy and interference with the at-will contract also occurred outside the Commonwealth of Virginia, between two non-Virginia entities, and involved an alleged plan to hire away an employee from a Virginia company in India.  Kumar was employed by Plaintiff in an Indian office, not in Virginia.  No meetings or negotiations occurred in Virginia.  The only contacts that Plaintiffs claim arise from the exchange of emails and telephone conversations with Plaintiff's Virginia office.  It is once again important to note that under Virginia's choice of law rules, Indian law would apply to Plaintiff's tort claims.  As described *supra,* Plaintiff has not alleged that any tortious acts were completed within the Commonwealth of Virginia.  Furthermore, neither Plaintiff nor Defendants provided the Court with briefing or citations to the laws of India.

[9] The Court also incorporates the legal grounds described with respect to Geometric and outlined in both this Memorandum Opinion and the Memorandum Opinion issued April 3, 2007.

15

**IV.  Conclusion**

For the foregoing reasons, Plaintiff's motion to reconsider will be denied.  An appropriate Order will issue.


July 6, 2007                    _____/s/_____
Alexandria, Virginia                 James C. Cacheris
                            UNITED STATES DISTRICT COURT JUDGE